**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBORAH GROSS-QUATRONE and JOSEPH QUATRONE, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No: 20-11829-SDW-LDW <br><br> **OPINION** <br><br><br> December 18, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendants State of New Jersey ("New Jersey" or "State") and Judge Glenn A. Grant's ("Judge Grant") (collectively, "Defendants") Motion to Dismiss Plaintiffs Deborah Gross-Quatrone and Joseph Quatrone's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Deborah Gross-Quatrone ("Gross-Quatrone") is a Judge of the Superior Court of New Jersey and is married to Joseph Quatrone. (D.E. 1 ¶¶ 1-2.) Gross-Quatrone alleges, that beginning in July 2015, she was subject to abuse and harassment by the Assignment Judge for the Bergen

vicinage, where she was then assigned. (*Id.* ¶¶ 14-22.)[1] In January 2016, Judge Grant, the Acting Administrative Director of the New Jersey Courts transferred Gross-Quatrone to the Essex vicinage, Civil Division. (*Id.* ¶¶ 4, 23.) In 2019, Gross-Quatrone was suspended for two months without pay after being found guilty of an ethical infraction during her time in the Bergen vicinage. (*Id.* ¶¶ 21, 29-33.) Upon return from her suspension, Gross-Quatrone was transferred to the Essex vicinage Family Division, where she alleges she was "subjected to a barrage of disturbing treatment at the hands of her superiors which caused great stress and significant health deterioration" and ultimately rendered her incapable of performing the duties of her office. (*Id.* ¶¶ 33-37.) Gross-Quatrone requested "several reasonable accommodations," including a modified schedule, which she believed would permit her to continue working, but her request was denied. (*Id.* ¶¶ 65-66.) "[B]ecause of her medical, physical, psychological, and emotional difficulties," she applied for a disability pension. (*Id.* ¶¶ 36-39.) Judge Grant oversaw "the procedure for evaluating Plaintiff's disability claim" and provided Gross-Quatrone with written guidance as to the process, noting that her application materials should be submitted to him "for referral to the [New Jersey] Supreme Court" which would "review[] and consider[] the medical or psychological experts . . . in order to make a determination as to whether to refer the application to the Governor's Office." (*Id.* ¶¶ 51-54.) Gross-Quatrone's application was ultimately denied by the Supreme Court. (*Id.* ¶ 45.)

On August 28, 2020, Plaintiffs filed suit against Defendants in this Court, pleading: Violation of the Americans with Disabilities Act (Counts One and Two); Declaratory Relief

---

[1] Gross-Quatrone's allegations of abuse and harassment are currently being litigated in a separate case before this Court. *See* Civ. No. 17-13111.

(Count Three)[2]; Violation of Due Process (Count Four); Breach of Contract/Pension Law (Count Five); Interference With Contract (Count Six); Intentional Infliction of Emotional Distress (Count Seven); Violation of the New Jersey Law Against Discrimination (Count Eight); and Loss of Consortium (Count Nine). (D.E. 1.) Defendants moved to dismiss and all briefing on the motion was timely filed. (D.E. 14, 18, 19.)

## II.    LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the

---

[2] Although Plaintiffs style the request for declaratory judgment as a claim, it is in fact a form of relief. Therefore, it does not provide a separate basis for jurisdiction.

allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003.

**III.  DISCUSSION**

A.

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has interpreted that language to extend to suits brought in federal court by a citizen against his/her own state, regardless of the relief sought. *See Hans v. Louisiana*, 134 U.S. 1, 13-14 (1890); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Thorpe v. New Jersey*, 246 Fed. Appx. 86, 87 (3d Cir. 2007); *Trapp v. New Jersey*, Civ. No. 17-

4

10709, 2018 WL 4489680, at *3 (D.N.J. Sept. 19, 2018). "Although the language of the Eleventh Amendment refers only to 'states,' arms of the state – including agencies, departments, and officials – are entitled to the protection of the Eleventh Amendment immunity from suit when the state is the real party in interest." *Trapp*, 2018 WL 4489680 at *3; *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). As a result, Plaintiff's ADA claims (Counts One and Two) and state law claims (Counts Five – Nine) against both the State and Judge Grant in his official capacity must be dismissed with prejudice. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001).[3] In addition, because there is no individual liability under Title I of the ADA, Plaintiffs' ADA claims against Judge Grant in his individual capacity (Counts One and Two) must also be dismissed with prejudice. *See, e.g.*, *DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 589-590 (D.N.J. 2015).

B.

Although Plaintiffs do not specify the legal basis for their Due Process Claim (Count Four), this Court deems it be brought pursuant to 42 U.S.C. § 1983, which provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

---

[3] Plaintiffs concede the dismissal of Gross-Quatrone's ADA claims as they relate to past conduct (the denial of her requests for reasonable accommodation and application for disability and/or money damages) because they raise no opposition to Defendants' motion on that issue. (*See* D.E. 18 at 22-23.) Instead, Plaintiffs argue that they are seeking prospective/injunctive relief, which is not barred by state immunity, to stop Defendants from "discriminating against [Gross-Quatrone] based on her disability." (D.E. 18 at 22 (citing *Garrett*, 531 U.S. at 374 n.9).) Plaintiffs' position is untenable. What they are seeking – a finding that the denial of Gross-Quatrone's disability/pension claim was wrongful – is a classic request for retrospective, not prospective, relief. The fact that such a finding could allow Gross-Quatrone to obtain a benefit in the future does not make the relief she seeks injunctive in nature.

5

Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 Fed. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). To bring a Section 1983 claim, "a [] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Neither "states, nor their departments and agencies, nor state officials sued in their official capacities for money damages are 'persons' within the meaning of § 1983." *Onyiuke v. New Jersey*, 242 F. App'x 794 (3d Cir. 2007) (granting motion to dismiss); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiffs' due process claims against the State and against Judge Grant in his official capacity must be dismissed with prejudice.

As to the due process claim against Judge Grant in his individual capacity, Plaintiffs have failed to plead facts sufficient to show that Judge Grant's actions were taken outside of his role as the Acting Director of the Administrative Office of the New Jersey Courts. Contrary to Plaintiffs' contention that "they alleged that Defendant Grant was a central figure and orchestrated the denial of [Gross-Quatrone's] application for disability retirement,"[4] the pleadings do not include facts

---

[4] In their opposition brief, Plaintiffs argue that they also have "a cause of action under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794" which "prohibits disability discrimination by entities that receive federal funds" and request "leave to amend to explicitly cite the Act in their pleading." (D.E. 18 at 20-21.) The Act prohibits disability discrimination by "any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a), and acceptance of those funds acts as a waiver of Eleventh Amendment immunity to suit under the Act. *See Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 170-71 (3d Cir. 2002). However, although a program or activity may waive immunity by accepting federal funds, that waiver does not extend to the entire state. *Id.* Here, Plaintiffs have named the State of New Jersey as a defendant, and the State retains its immunity. In addition, the Act does not permit claims against individuals, so Plaintiffs have no cause of action against Judge Grant under the statute. *See, e.g.*, *Feliz v. Kintock Grp.*, 297 F. App'x 131, 135 (3d Cir. 2008). To that end, even if Plaintiffs had filed a motion for leave to amend, which they have not, such a motion as to the existing defendants would be futile.

that suggest Judge Grant acted outside of his official duties. The retirement disability process is overseen by the New Jersey Supreme Court and the Governor, and Judge Grant has no power to authorize or deny an application for retirement disability. (*See* N.J.S.A. 43:6A-12.) Plaintiffs plead that Judge Grant: emailed Gross-Quatrone with information regarding required exams and procedures and provided Gross-Quatrone with an "Advisory Letter" informing her "that her disability application was not certified by the Supreme Court." (D.E. 1 ¶¶ 45, 51, 54, 56.) These facts show nothing more than Judge Grant acting in the role of an intermediary between Gross-Quatrone and the ultimate decision maker in the disability retirement process. As such, Plaintiffs' due process claim against Judge Grant in his individual capacity must be dismissed.

C.

As to Plaintiffs' remaining state claims against Judge Grant in his individual capacity, although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will dismiss Counts Five through Nine as to Judge Grant in his individual capacity.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                        /s/ Susan D. Wigenton  
                                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk  
cc:          Leda D. Wettre, U.S.M.J.  
               Parties